1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LIUDMYLA IEGOROVA,                          No.  2:15-cv-1281-TLN-EFB PS

12                  Plaintiff,

13        v.                                      ORDER

14   CHASE BANK,

15                  Defendant.

16

17        Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915.[1]  His

18   declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2).  *See* ECF No. 2.

19   Accordingly, the request to proceed *in forma pauperis* is granted.  28 U.S.C. § 1915(a).

20        Determining that plaintiff may proceed *in forma pauperis* does not complete the required

21   inquiry.  Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the

22   allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on

23   which relief may be granted, or seeks monetary relief against an immune defendant.  As discussed

24   below, plaintiff's complaint fails to state a claim and must be dismissed.

25   /////

26   /////

27   _____

28        [1]  This case, in which plaintiff is proceeding *in propria persona*, was referred to the
     undersigned under Local Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).

                                              1

1   Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519,

2   520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it

3   fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

4   *Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41

5   (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of

6   his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of

7   a cause of action's elements will not do. Factual allegations must be enough to raise a right to

8   relief above the speculative level on the assumption that all of the complaint's allegations are

9   true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable

10   legal theories or the lack of pleading sufficient facts to support cognizable legal theories.

11   *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

12   In reviewing a complaint under this standard, the court must accept as true the allegations

13   of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976),

14   construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the

15   plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy

16   the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2)

17   requires a complaint to include "a short and plain statement of the claim showing that the pleader

18   is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds

19   upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

20   Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only

21   those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*,

22   511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332,

23   confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction

24   requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a

25   "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be

26   authorized by a federal statute that both regulates a specific subject matter and confers federal

27   jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity

28   jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the

2

1    matter in controversy exceeds $75,000.  28 U.S.C. § 1332(a); *Bautista v. Pan American World*

2    *Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).  A case presumably lies outside the jurisdiction

3    of the federal courts unless demonstrated otherwise.  *Kokkonen*, 511 U.S. at 376-78.  Lack of

4    subject matter jurisdiction may be raised at any time by either party or by the court.  *Attorneys*

5    *Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

6          Plaintiff's complaint is unintelligible.  *See generally* ECF No. 1.  As far as the court can

7    discern, plaintiff complains of an altercation that occurred at one of defendant Chase Bank's local

8    branches, but even this is unclear.  Plaintiff alleges that she has received numerous annoying calls

9    from Chase Customer Service on her private line despite requesting her phone line be added to a

10   "do not call" list.  *Id*. at 2.  She claims there was no reason for the calls and that she was harassed

11   by defendant.  *Id*.  Plaintiff further claims that she went to one of defendant's local branches in

12   Canoga Park, California.  *Id*. at 3.  During this visit plaintiff was allegedly harassed by one of

13   defendant's employees.  *Id*.  Plaintiff called 911 to report an "assault and harassment inside [the]

14   branch  . . . and requested sheriff department [] send unit for crime scene."  *Id*. at 3-4.  She claims

15   that United States Government authorities ignored the crimes that were committed against her.

16         Plaintiff further claims that she was verbally abused at a Sacramento branch of the bank.

17   Although she reported "this criminal action against Russian national," which she describes as a

18   "rude violation [of] human right[s], discrimination[,] and harassment," no action was taken by the

19   branch manager.  *Id*. at 4.  Although interpreting the allegations in a manner that lends coherence

20   is simply not possible, plaintiff seems to suggest that she was targeted by defendant because she

21   is blind and 72 years old.  *Id*. at 4-5.

22         The complaint as currently drafted fails to demonstrate that this court has subject matter

23   jurisdiction over whatever claim plaintiff intends to pursue.  The complaint does not allege any

24   specific federal claims for relief, nor does it allege diversity of the parties.  Accordingly, it must

25   be dismissed.  However, plaintiff is granted leave to file an amended complaint, in the event that

26   she can actually allege a basis for this court's jurisdiction, as well as a cognizable legal theory

27   against a proper defendant and sufficient facts in support of that cognizable claim.  *Lopez v.*

28   *Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se

1  litigants an opportunity to amend to correct any deficiency in their complaints).  Should plaintiff

2  choose to file an amended complaint, the amended complaint shall clearly set forth the allegations

3  against defendant and shall specify a basis for this court's subject matter jurisdiction.  Any

4  amended complaint shall plead plaintiff's claims in "numbered paragraphs, each limited as far as

5  practicable to a single set of circumstances," as required by Federal Rule of Civil Procedure

6  10(b), and shall be in double-spaced text on paper that bears line numbers in the left margin, as

7  required by Eastern District of California Local Rules 130(b) and 130(c).  Any amended

8  complaint shall also use clear headings to delineate each claim alleged and against which

9  defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead clear facts

10 that support each claim under each header.

11     Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to

12 make an amended complaint complete.  Local Rule 220 requires that an amended complaint be

13 complete in itself.  This is because, as a general rule, an amended complaint supersedes the

14 original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Accordingly, once

15 plaintiff files an amended complaint, the original no longer serves any function in the case.

16 Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not

17 alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir.

18 1981), and defendants not named in an amended complaint are no longer defendants.  *Ferdik v.

19 Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Finally, the court cautions plaintiff that failure to

20 comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order

21 may result in a recommendation that this action be dismissed.  *See* Local Rule 110.

22     Accordingly, it is hereby ORDERED that:

23     1. Plaintiff's request for leave to proceed *in forma pauperis* (ECF No. 2) is granted.

24     2. Plaintiff's complaint is dismissed with leave to amend, as provided herein.

25     3. Plaintiff is granted thirty days from the date of service of this order to file an amended

26 complaint.  The amended complaint must bear the docket number assigned to this case and must

27 /////

28 /////

4

be labeled "Amended Complaint."  Failure to timely file an amended complaint in accordance

with this order will result in a recommendation this action be dismissed.

DATED:  May 17, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE